UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

**UNITED STATES OF AMERICA**
            **Plaintiff**

v.                                              Case Number 8:94cr95-003

                                                USM Number 14337-047

**MICHAEL J. CRESTONI**
            **Defendant**
                                                JONATHAN M. BRAATEN

                                                **Defendant's Attorney**

_____

**JUDGMENT IN A CRIMINAL CASE**
(For Revocation of Probation or Supervised Release)

**THE DEFENDANT** admitted guilt to violation of condition(s) standard condition 8, mandatory condition, and special condition 2 of the term of supervision.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 2. (Standard Condition #8) | The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. | October 30, 2008 |
| 3. (Mandatory Condition) | The defendant shall not commit another federal, state, or local crime | October 1, 2008 |
| 6. (Standard Condition #8) | the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. | November 7, 2008 |
| 7. (Standard Condition #8) | the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. | January 29, 2009 |

| | | |
|---|---|---|
| 8. (Special Condition #2) | The defendant shall attend, pay for and successfully complete any diagnostic evaluation, treatment or counseling program, or approved support group (e.g., AA/NA) for alcohol and/or controlled substance abuse, as directed by the Untied States Probation Officer. | January 28, 2009 |

Original Offense:   Conspiracy with intent to distribute methamphetamine in violation of 21 U.S.C. 846 and Financial Transactions affecting Interstate and Foreign Commerce in violation of 18 USC 1956(a)(1)(B)(ii).

The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Allegations 1, 4, and 5 of the second amended second petition and the amended second petition are dismissed on the motion of the United States as to this defendant only.

Following the imposition of sentence, the Court advised the defendant of the right to appeal pursuant to the provisions of Fed. R. Crim. P. 32 and the provisions of 18 U.S.C. § 3742 (a) and that such Notice of Appeal must be filed with the Clerk of this Court within ten (10) days of this date.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:
February 4, 2009

s/ *Richard G. Kopf*
United States District Judge

February 6, 2009

Defendant: Michael J. Crestoni  Page 3 of 6
Case Number: 8:94CR95

## IMPRISONMENT

It is ordered defendant's term of supervised release is revoked. The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **twenty-four (24) months**.

The Court makes the following recommendations to the Bureau of Prisons:

1. That the defendant be incarcerated at a camp-like facility such as the one at Yankton, South Dakota.

The defendant is remanded to the custody of the United States Marshal.

## ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of a copy of this judgment this _____ day of _____, _____

_____
Signature of Defendant

## RETURN

It is hereby acknowledged that the defendant was delivered on the _____ day of _____, _____ to _____, with a certified copy of this judgment.

_____
UNITED STATES WARDEN

By:_____

**NOTE: The following certificate must also be completed if the defendant has not signed the Acknowledgment of Receipt, above.**

## CERTIFICATE

It is hereby certified that a copy of this judgment was served upon the defendant this _____ day of _____, _____

_____
UNITED STATES WARDEN

By:_____

Defendant: Michael J. Crestoni                                                                                              Page 4 of 6
Case Number: 8:94cr95

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **three (3) years**.

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page.)  If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release.  The defendant shall comply with the following additional conditions:

1. The defendant shall submit to testing, as may be requested by any person involved in monitoring the defendant's supervision, to detect the presence of alcohol and/or controlled substances in the defendant's body fluids and to determine whether the defendant has reverted to the use of any prohibited substances.

2. The defendant shall attend, pay for, and successfully complete any diagnostic evaluation, treatment or counseling program, or approved support groups (e.g., AA/NA) for alcohol and/or controlled substance abuse, as directed by the U.S. Probation Officer.

3. The defendant shall be subject to search and seizure of the defendant's premises, vehicle or person, whether during the day or night, with or without a warrant, at the request of the United States Probation Officer to determine the presence of alcohol and/or controlled substances, firearms, or any other contraband.  Any such items found may be seized by the United States Probation Officer.   This condition may be invoked with or without the cooperation of law enforcement officers.

4. As required by 18 U.S.C. § 3583(d), and within fifteen (15) days after the defendant's release from imprisonment, the defendant shall, as a condition of supervised release, submit to and pay for a drug test and shall submit to and pay for at least two (2) periodic drug tests thereafter, as ordered by the probation officer, to determine whether the defendant is using, or has used, a controlled substance.

5. Paragraph #8 of the Standard Conditions of Supervision is modified, i.e., instead of merely refraining from excessive use of alcohol, the defendant shall not purchase or possess, use, distribute, or administer any     alcohol, just the same as any other narcotic or controlled substance.

6. The defendant shall not possess a dangerous weapon.

7. Defendant shall provide the United States Probation Officer with access to any requested financial information.

8. Defendant shall report to the Supervision Unit of the United States Probation Office for the District of Nebraska between the hours of 8:00 a.m. and 4:30 p.m., 111 South 18th Plaza, Suite C79, Omaha, Nebraska, (402) 661-7555 within seventy-two (72) hours of    release from confinement and every time thereafter as directed and ordered by the probation officer.

Defendant: Michael J. Crestoni  
Case Number: 8:94CR95

Page 5 of 6

# STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) the defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or the probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities.
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer prior to any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of the risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirements;
15) the defendant shall not own, possess or control any firearms or ammunition.
16) the defendant shall pay any fine or restitution obligation imposed by this judgment that remains unpaid at the commencement of the term of probation or supervised release in accordance with the payment schedule set forth in the Financial Penalties sheet of this judgment.

These conditions are in addition to any other conditions imposed by this Judgment.

Defendant: Michael J. Crestoni  Page 6 of 6
Case Number: 8:94CR95

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| Totals: | $100.00 (PAID) | $ | $ |

---

CLERK'S OFFICE USE ONLY:

ECF DOCUMENT

I hereby attest and certify this is a printed copy of a
document which was electronically filed with the
United States District Court for the District of Nebraska.

Date Filed:_____

DENISE M. LUCKS, CLERK

By _____Deputy Clerk